UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JAMES GRAY,
*Defendant-Appellant.*

No. 01-4128

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-00-186)

Submitted: October 24, 2001

Decided: November 14, 2001

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Steven I. Loew, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

James Gray appeals his conviction and sentence imposed following his guilty plea on single counts of aiding and abetting the making of a false statement in the acquisition of firearms and traveling interstate with the intent to engage in the business of dealing in firearms without a license. Gray was sentenced to a total of 180 months imprisonment, which was within the guidelines range of 151 to 180 months. Gray's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states there are no meritorious issues for appeal, but contends on Gray's behalf that the district court (1) did not comply with Fed. R. Crim. P. 11 when accepting Gray's plea because he failed to advise Gray that, if he chose to go to trial, the jury verdict would have to be unanimous; and (2) erred in sentencing Gray at the top of the guidelines range. Although advised of his right to do so, and given several extensions, Gray has not filed a pro se supplemental brief.

Gray first maintains that the district court failed to inform him at the plea hearing that if he chose to proceed to trial, a jury must return with a unanimous verdict to convict him. He asserts that this omission by the district court during the Rule 11 colloquy affected his substantial rights. In reviewing the adequacy of compliance with Rule 11, this court accords "deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). Rule 11 violations are evaluated under the harmless error standard. *Id.* at 117. This court may vacate a conviction resulting from a guilty plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. *Id.*

Relevant to this case, Rule 11(c) specifically states that the court must inform the defendant that:

> the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination.

Fed. R. Crim. P. 11(c)(3). The record reveals that at the hearing, in accordance with Rule 11(c)(3), the district court fully advised Gray of his rights and ascertained that Gray understood those rights. Furthermore, the district court conducted a hearing and found that Gray's plea was knowing and voluntary, that he had full knowledge of the charges against him, and that there was an adequate factual basis to support his guilty plea.

It is thus clear that the district court fully complied with the dictate of Rule 11. Although it is true that the district court did not inform Gray that if he had proceeded to trial, a guilty verdict had to be unanimous, the Government properly argues that Rule 11 does not require that each aspect of a jury trial be explained to the defendant. There is no authority for the proposition that the district court is required to explain this aspect of a jury trial to a defendant pleading guilty. Hence, we find Gray's claim without merit.

Gray also claims that the district court erred in sentencing him at the top of the guidelines range, arguing that the sentence imposed was greater than necessary to fulfill the statutory prescribed purposes of sentencing. He further complains that the district court provided no explanation warranting a sentence at the top end of the guidelines range.

Gray presents no challenge to the calculation of the guidelines range, but simply asserts that he should not have been sentenced without explanation at the top of the guidelines range. The court's imposition of a sentence within the properly calculated range is not reviewable. *United States v. Jones*, 18 F.3d 1145, 1551 (4th Cir. 1994); *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990). Accordingly, we dismiss this portion of the appeal.

In accordance with the requirements of *Anders*, we have reviewed the record for potential error and have found none. Therefore, we

affirm Gray's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from further representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*